UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARKELL DEWAYNE PRATHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:19-CV-127 |
| ) | 3:17-CR-132 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Markell Dewayne Prather's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 30].[1] The United States has responded in opposition [Doc. 14], and Petitioner filed a reply [Doc. 16]. Petitioner has also filed two motions to appoint counsel [Docs. 6 & 20], two motions for transcripts [Docs. 7 & 8], and a motion for leave to file a supplemental brief [Doc. 17], which are currently pending before the Court. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 30] will be **DENIED**, the motions to appoint counsel [Docs. 6 & 20] will be **DENIED**, the motions for transcripts [Docs. 7 & 8] will be **DENIED**, and the motion to file supplemental brief [Doc. 17] will be **GRANTED** to the extent that the Court has considered it.

I.  BACKGROUND

---

[1] Document numbers not otherwise specified refer to the civil docket.

In December 2017, Petitioner was charged in a one-count indictment for knowingly possessing a firearm having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). [Crim. Doc. 2].

On February 5, 2018, Petitioner entered into a plea agreement with the government. [Crim. Doc. 13]. Petitioner agreed to plead guilty to the sole count in the indictment. [*See id.*] The plea agreement was signed by Petitioner and attorney Paula R. Voss.

In his plea agreement, Petitioner acknowledged that on December 12, 2017, law enforcement received information from a female who said Petitioner had stayed at her house the night prior and after he left, she noticed that ten firearms were gone. She believed Petitioner took all of the firearms. Law enforcement knew Petitioner had an outstanding warrant for his arrest and was believed to be living in Oak Ridge, Tennessee, which is in the Eastern District of Tennessee. Later that same day, Petitioner was arrested and was told he was a suspect in an ongoing theft investigation of firearms. Petitioner immediately stated, "I will tell you where the guns are." Petitioner was read his Miranda rights, waived them, and agreed to speak with law enforcement. Petitioner stated he had firearms and that they were located in the master bedroom of the Oak Ridge residence. He specifically said some were inside a backpack on the floor, in the bottom left drawer of the dresser, and in the closet. Petitioner stated that he knew he was a felon and was not supposed to possess firearms.

A consent to search the residence was obtained from Petitioner and his girlfriend. During the search, six firearms, along with ammunition, were recovered from the residence. The firearms were in the exact locations described by Petitioner: two were

2

Case 3:19-cv-00127-RLJ-DCP   Document 23   Filed 04/30/21   Page 2 of 18   PageID #: 116

recovered in the backpack, three in the lower left drawer of (sic) dresser, and one in the closet. The firearms were a Norinco SKS 7.62 x 39mm rifle, a Smith and Wesson revolver, a Smith and Wesson 9mm pistol, a Smith and Wesson .40 caliber pistol, a Cobra 9mm derringer and a Rohm .22 caliber revolver. Petitioner fully admitted that he possessed the firearms and ammunition seized on December 12, 2017, as well as the remaining firearms that were stolen (for a total of ten firearms). Moreover, the firearms and ammunition were manufactured outside the State of Tennessee and, therefore, affected interstate commerce. Lastly, as of December 12, 2017 and at all times relevant to the charge in this case, Petitioner was a previously-convicted felon, that is, he had been previously convicted in a court of a crime punishable by greater than one year imprisonment. [*Id*.].

The Court conducted a change of plea hearing on March 21, 2018. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his rights, that his motion to change his plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Count 1 of the Indictment, that Petitioner was referred for a Presentence Investigative Report ("PSR"), and that he was remanded to the custody of the U.S. Marshal until his sentencing hearing. [Crim. Doc. 17].

The revised PSR calculated a total offense level of 30, after full acceptance of responsibility, and a criminal history category of VI, resulting in a guideline range of 168 to 210 months. [Crim. Doc. 21, ¶ 76]. However, the statutory maximum sentence was 10 years, or 120 months, which was less than the minimum of the applicable guideline range, making the guideline term of imprisonment 120 months. [*Id*.].

3

The government filed a notice of no objections to the PSR. [Crim. Doc. 19]. The government also filed sentencing memorandum wherein it requested the Court to impose a sentence within Petitioner's properly-calculated Guidelines range. [Crim Doc. 22].

Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 23]. Petitioner, through counsel, filed a sentencing memorandum stating that the PSA had correctly calculated the Guideline range as the statutory maximum term of 120 months, discussing his history of substance abuse and cooperation, and requesting the Court impose a sentence to run concurrent to his pending state charges. [Crim. Doc. 24].

On August 8, 2018, the Court sentenced Petitioner to a total of 120 months' imprisonment and then three years of supervised release. [Crim. Doc. 26]. Petitioner did not file a direct appeal, but on April 15, 2019, he filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's

5

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

III. ANALYSIS

As an initial matter, Petitioner raises five claims of ineffective assistance of counsel in this § 2255 motion: 1) for failing to object at sentencing as Petitioner did not properly receive a three-point reduction for acceptance of responsibility; 2) for failing to file a motion for prosecutorial misconduct and direct appeal for prosecutorial misconduct because the Government did not authorize a three-level reduction for acceptance of responsibility; 3) for failing to argue breach of plea agreement because Petitioner did not receive a three-level reduction for acceptance of responsibility; 4) for failing to file a motion to suppress evidence before advising Petitioner to plead guilty; and 5) for failing to argue a categorical approach to Petitioner's prior convictions at sentencing and opposing the career offender guideline. [Doc. 1; Crim. Doc. 30]. Petitioner has also filed a supplemental brief adding a *Rehaif* claim [Doc. 17], as well as several non-dispositive motions [Docs. 6-8, 20]. The Court will first address the non-dispositive motions, then will address Petitioner's supplemental *Rehaif* claim before addressing the ineffective assistance of counsel claims.

A. Non-Dispositive Motions

    *a. Motions to Appoint Counsel [Docs. 6 & 20]*

As to Petitioner's motions to appoint counsel [Docs. 6 & 20], there is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that the "right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (noting that the constitutional right to counsel does not extend to collateral proceedings). Even so, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

Here, Petitioner states that his § 2255 motion "has reversable errors that an attorney could assist the Petitioner on." [Doc. 6]. He also requests an attorney to help him get transcripts, conduct an evidentiary hearing, obtain a statement from his previous attorney, and investigate the PSR, and point to the record where Petitioner did not receive his 3-point reduction for acceptance of responsibility, but provides no further evidence or reasoning beyond these statements. [*Id.*]; *see also* [Doc. 20].

As discussed in this memorandum opinion, Petitioner has adequately presented his claims to the Court without the benefit of counsel, and the Court has found the issues to be without merit. Petitioner has failed to offer any material facts that would justify the appointment of counsel. Accordingly. his motions [Docs. 6 & 20] will be **DENIED**.

### b. *Motions for Transcripts [Docs. 7 & 8]*

Petitioner moves for production of his plea hearing and sentencing hearing transcripts in his criminal proceedings to litigate his 2255 motion [Docs. 7 & 8]. A petitioner desiring a free transcript is required to include in his motion factual allegations sufficient for the court to determine whether (1) the motion is nonfrivolous and (2) the transcripts are needed to decide the issues raised in the motion. 28 U.S.C. § 753(f). Here, petitioner fails to set forth factual allegations sufficiently specific to enable the court to determine whether he merits a free transcript. Petitioner states the transcripts are needed to "allow Petitioner to point at the record to support his claim of ineffective assistance of counsel along with prosecutorial misconduct." [Docs 7 & 8]. In his § 2255 motion, petitioner raises the issue of ineffective assistance of counsel[2], and raises a *Rehaif* claim in his supplemental brief [Doc. 17]. However, he insufficiently explains how the transcripts are needed to decide these issues and provides no factual allegations to flesh out the issues he identifies as supporting his request under 28 U.S.C. § 753(f). Further, as discussed in this memorandum opinion, the Court has found the issues to be without merit. Accordingly, the court finds that petitioner has not met the requirements of 28 U.S.C. § 753(f), and his motions for transcripts and records [Docs. 7 & 8] will be **DENIED**.

### c. *Motion for Leave to File Supplemental Brief [Doc. 17]*

---

[2] While in his motion for transcripts, Petitioner states he has a prosecutorial misconduct claim, in Petitioner's § 2255 motion and his supplemental *Rehaif* brief, Petitioner does not make a claim for prosecutorial misconduct. Petitioner clearly sets forth his five claims of ineffective assistance and while he faults his counsel for not arguing prosecutorial misconduct, he does not actually raise a claim of prosecutorial misconduct. [*See* Docs. 1 & 17].

On December 2, 2019, Petitioner filed a motion for leave to file a supplemental brief [Doc. 17]. In it, Petitioner requests to file a new claim based on the recent Supreme Court ruling in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). The motion [Doc. 17] will be **GRANTED** to the extent that it has considered the information contained therein and is discussed below.

### B. Supplemental Claim – *Rehaif*

Petitioner's supplemental claim is that the Supreme Court's ruling in *Rehaif*, 139 S.Ct. 2191 now voids Petitioner's guilty plea because the Government "never met its burden of proof to show that [Petitioner] had knowledge of his status as being prohibited from possessing a firearm." [Doc. 17] The Court first notes that this claim is barred by the collateral attack waiver in Petitioner's plea agreement and procedurally defaulted because Petitioner failed to raise it on appeal.

When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson*

*v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed a Plea Agreement containing the following waiver provision: "[t]he defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a §2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel." [Crim. Doc. 13, p. 6].

Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because he expressly waived the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, his claim is barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451. Accordingly, Petitioner's *Rehaif* claim will be **DENIED** as barred by the collateral attack waiver in his plea agreement.

Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-700. If a Petitioner cannot show cause and prejudice, he may be able to obtain review,

10

if his case falls within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, such as when new evidence shows that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622-23, citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Here, Petitioner has not attempted to show cause or prejudice for his failure to raise this claim on direct appeal, nor has he attempted to show that he is actually innocent, thus his claim is procedurally defaulted.

Even if Petitioner's motion was not fraught with procedural deficiencies as outlined above, Petitioner's claim would also fail on the merits.

Petitioner moves to vacate his conviction under § 2255 because he contends that the Government did not prove that Petitioner knew he was barred from possessing a firearm. In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200 (2019).

*Rehaif* does not undermine Petitioner's conviction for several reasons. First, Petitioner entered into a plea agreement, relieving the Government of its obligation to prove the elements of the charge against him beyond a reasonable doubt. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Boce*, 488 U.S. 563, 569 (1989); *see also Malone v. United States*, 1:14-cr-438, 2019 WL 7049805, *3 (N.D. Ohio Dec. 23, 2019) ("*Rehaif* is inapplicable to Petitioner because

11

whereas Rehaif was convicted by a jury, Petitioner pleaded guilty to his offense."). Having waived his right to hold the Government to its burden of proof, he cannot complain the evidence against him would have been insufficient. Further, Petitioner stipulated that he "stated he knew he was a felon and was not supposed to possess firearms," in the offense conduct section of both the Plea Agreement and the PSR. [Crim. Docs. 13 and 21].

*Rehaif* further provides no remedy for Petitioner because it merely "clarified" the felon-in-possession statute, it did not announce a new rule of constitutional law that is retroactive on collateral review. *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). In *Khamisi-El*, the Sixth Circuit denied the motion, holding "[t]he rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Id.*; *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019) ("*Rehaif* ... did not announce a 'new rule of constitutional law....'"). District courts within the Sixth Circuit have likewise rejected "actual innocence" claims based on *Rehaif*. *See Moore v. United States*, No. 2:19-cv-2572, 2019 WL 4394755 (W.D. Tenn. Sept. 12, 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review."); *Wallace v. United States*, No. 3:19-cv-01122, 2020 WL 2194002 (M.D. Tenn. May 6, 2020) (same); *see also Abernathy v. United States*, No. 1:16-CR-81, 2019 WL 5268546, at *5 (E.D. Tenn. Oct. 17, 2019) ("The Supreme Court's holding, however, is not retroactively applicable to cases on collateral review and, therefore has no bearing on the Court's consideration of Petitioner's motion."); *Davidson v. United States*, No. 1:17-CR-137, 2020 WL 5549599, at *2–3 (E.D. Tenn. Sept. 16, 2020); *see also Tristian O'Kelley, v. United States*, No. 1:17-CR-16, 2020 WL 5735949, at *3 (E.D. Tenn. Sept. 24, 2020).

Accordingly, Petitioner's claim is procedurally defaulted, barred by his collateral attack waiver, fails on the merits and will be **DENIED** as he is not entitled to relief under § 2255 as to this claim.

### C. § 2255 Claims – Ineffective Assistance of Counsel

As discussed above, Petitioner's claims of ineffective assistance of counsel are not barred by his collateral attack waiver.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*,

13

477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

### a. Ineffective Assistance Claims Involving Acceptance of Responsibility Reduction – Claims 1-3

Petitioner's first three claims revolve around his belief that he did not receive a three-point reduction level for acceptance of responsibility as it was promised in his plea agreement. As such, the Court will address these claims together.

Petitioner's claims that he did not receive a three-level reduction for acceptance of responsibility are directly refuted by the record and are not credited. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The PSR clearly calculated Petitioner's adjusted offense level (subtotal) as 33, which was reduced to 30 after applying a three-level reduction for full acceptance of responsibility. [Crim. Doc. 21, ¶¶ 30-34]. As the three-level acceptance of responsibility reduction was applied to Petitioner's offense level, his counsel could not have been ineffective for failing to raise meritless arguments. *Mapes v. Coyle*, 171 F.3d

14

Case 3:19-cv-00127-RLJ-DCP   Document 23   Filed 04/30/21   Page 14 of 18   PageID #: 128

408, 413 (6th Cir. 1999) ("[c]ounsel could not be constitutionally ineffective for failing to raise . . . meritless arguments.").

Accordingly, Petitioner is not entitled to relief on Claims 1-3, and they will be **DENIED**.

### b. *Ineffective Assistance Involving Motion to Suppress – Claim 4*

Petitioner claims that his counsel was ineffective for failing to file a motion to suppress before advising Petitioner to plead guilty. [Doc. 1, p. 27]. He claims that the statements made by Michael Pyles in the affidavit of the Complaint were false statements. As the United States points out, Michael Pyles is not the affiant for the Complaint initially filed against Petitioner. [Crim. Doc. 1]. Thus, Petitioner's assertion is contradicted by the record and is not credited. *Blackledge*, 431 U.S. at 74.

Petitioner stipulated to the facts as set forth in the plea agreement. Those facts state that the firearms were stolen and that Petitioner possessed them. [Crim. Doc. 13, p. 2]. As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

Petitioner's claim fails at *Strickland*'s second step. Petitioner has not shown prejudice as he has not shown that he would have succeeded on a motion to suppress. Petitioner has not shown a Fourth Amendment violation which would warrant suppression of evidence. *Mapes*, 171 F.3d at 413 ("[c]ounsel could not be constitutionally ineffective for failing to raise . . . meritless arguments."); *see also Brown v. McKee*, 231 F. App'x 469,

15

475 (6th Cir, 2007) ("failure to bring a meritless suppression motion cannot constitute ineffective assistance."). Moreover, Petitioner has not alleged that he would not have pled guilty and proceeded to trial but for counsel's mis-advice. Petitioner thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Accordingly, Petitioner is not entitled to relief on Claim 4, and it will be **DENIED**.

### c. Ineffective Assistance Involving Prior Convictions at Sentencing – Claim 5

Petitioner's fifth claim alleges his counsel was ineffective for failing to argue against the misapplication of his prior convictions of simple robbery and domestic violence, as they are not crimes of violence. [Doc.1, p. 31]. Petitioner also asserts that he is not a career offender and his counsel should have opposed the career offender guideline. [*Id*.].

The Court first notes that Petitioner was not sentenced as a career offender, therefore his counsel could not have been ineffective for failing to raise a meritless argument regarding a career offender designation. *Mapes*, 171 F.3d at 413.

Second, while this claim is styled as an ineffective assistance claim, Petitioner seems to be actually collaterally attacking his sentence. As discussed above, Petitioner waived his right to do so in his plea agreement, and he failed to raise this claim on appeal, thus Petitioner is procedurally defaulted from bringing this claim. *United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999). However, the

16

Court will consider the merits of Petitioner's claims under the ineffective assistance of counsel standard.

Petitioner has not alleged that he would not have pled guilty or proceeded to trial but for counsel's mis-advice. Petitioner thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Neither was counsel ineffective for not disputing whether Petitioner's prior convictions counted as crimes of violence as it would have been a meritless argument. *Mapes*, 171 F.3d at 413. First, Petitioner's prior conviction of robbery is a specifically enumerated offense in U.S.S.G. § 4B1.2(a)(2) as a crime of violence. Thus, any objection to this designation would have been meritless. Second, Petitioner's prior conviction of domestic battery in Illinois, has been repeatedly held to be a crime of violence under U.S.S.G. § 4B1.2. Likewise, the Sixth Circuit has found the Seventh's Circuit analysis regarding Illinois' domestic battery offense as persuasive. *United States v. Anderson*, 695 F.3d 390, 401 (6th Cir. 2012), *overruled on other grounds by United States v. Burris*, 912 F.3d 386 (6th Cir. 2019). Thus, any objection to this designation would likely have been meritless. *Mapes*, 171 F.3d at 413.

Accordingly, Petitioner is not entitled to relief as to Claim 5, and it will be **DENIED**.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 30] will be **DENIED** and **DISMISSED**. Petitioner's motions for counsel [Docs. 6 & 20] and his motions for transcripts [Docs. 7 & 8] will be **DENIED**. Petitioner's motion to file

17

supplemental brief [Doc. 17] will be **GRANTED** to the extent that the Court has considered it.

V.     **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge